FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Jul 13 2022

KEVIN P. WEIMER, Clerk

By: s/ Alexander King
Deputy Clerk

# United States District Court

## NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

DWIGHT FISHER and JONATHAN DAVIS

**CRIMINAL COMPLAINT**

Case Number: 1:22-MJ-615-LTW

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about July 8, 2022 in Clayton County, in the Northern District of Georgia, defendants did, possess a firearm as a prohibited person, provide false written statements to a federally licensed firearms dealer, conspire to make false written statements to a federally licensed firearms dealer, and aid and abet one another

in violation of Title 18, United States Code, Sections 922(g)(1), 922(a)(6), 371, and 2.

I further state that I am a Special Agent and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

**LANCE BOLMANSKI**   *Digitally signed by LANCE BOLMANSKI*
*Date: 2022.07.13 09:51:45 -04'00'*

Signature of Complainant
Lance Bolmanski

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to me by telephone pursuant to Federal Rule of Criminal Procedure 4.1.

July 13, 2022                                                                at   Atlanta, Georgia
Date                                                                              City and State

LINDA T WALKER
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer
AUSA Theodore S. Hertzberg / 2022R_____ /
theodore.hertzberg@usdoj.gov

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

I, Lance Bolmanski, depose and state under penalty of perjury:

## AGENT BACKGROUND & INTRODUCTION

1. As a Special Agent (SA) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7). Therefore, I am empowered to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

2. I have been an ATF SA since September of 2021. As an ATF SA, I completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and received specialized training on firearms, explosives and arson, and the Federal laws and regulations pertaining thereto, through the ATF Special Agent Basic Training academy. My duties as an ATF SA include, but are not limited to, investigating violations of federal firearms, explosives laws and regulations, as well as violations of federal narcotics laws.

3. I am currently assigned to Atlanta Group I, a Group responsible for firearms trafficking investigations in the Northern District of Georgia. My duties include enforcing and investigating violations of firearms laws. Before joining ATF, I completed the Houston Police Department Basic Law Enforcement Training Program and was employed as a police officer and investigator with the Houston Police Department (HPD) in the state of Texas from 2015-2021. As a Police Officer assigned to the Clear Lake Crime Suppression Team, I conducted proactive investigations for crimes including, but not limited to, aggravated robbery, aggravated assault, auto theft, jugging (theft from persons leaving banks/ATMs), sliding (purse thefts from persons shopping/refueling vehicles), narcotics offenses, property offenses, and weapon offenses. I was also assigned to the Major Assaults Division as a Detective at HPD, my duties included the investigation of aggravated assaults, robberies, sexual assaults, and other violent crimes. I was also served as a Patrol Officer

with HPD where I responded to calls for service, assisted different HPD Divisions and outside agencies, and proactively patrolled my area of responsibility. During my law enforcement career, I have conducted and assisted in numerous investigations into the unlawful manufacturing, possession and distribution of narcotics and firearms as well as the unlawful possession of firearms by prohibited persons. I also hold a bachelor's degree in Criminal Justice with a minor is psychology from Texas State University located in San Marcos, TX.

4. The facts contained in this affidavit come from my personal observations, ATF records/documents, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and does not set forth all my knowledge about this matter.

5. Based on the facts below, there is probable cause that has committed violations of Title 18, United States Code, Sections 922(g)(1) [Possession of a Firearm by a Convicted Felon], 922(a)(6) [Providing False Statements to a Federally Licensed Firearms Dealer], 371 [Conspiracy], and 2 [Aiding and Abetting].

## SOURCES OF INFORMATION

6. The information contained in this Affidavit in support of a criminal complaint is based on my own personal knowledge of this case, as well as information relayed to me by other law enforcement authorities and sources of information. The facts relayed in this Affidavit do not reflect the totality of information known to me or other agents, but merely the facts needed to establish probable cause.

7. Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom I have spoken. Such statements are stated in

substance, unless otherwise indicated. Wherever in this Affidavit I state a belief, such belief is based upon my training and experience and the information obtained through this investigation.

## STATEMENT OF PROBABLE CAUSE

8. On July 8, 2022, ATF SA Jonah James was advised that an individual, later identified as Dwight FISHER, was at Arrowhead Pawn Shop (APS), a Federal Firearms Licensee, located at 6433 Tara Blvd Ste A, Jonesboro, GA 30236 for the third time in three consecutive days. On the first two days, FISHER did not purchase anything from APS. On the third day, FISHER was overhead talking to another individual, later identified as Jonathan DAVIS, about how much certain firearms at APS would be worth when sold on the street in New York. A short time later, DAVIS purchased four SCCY pistols from APS, but FISHER, not DAVIS, handed the cash to the cashier to purchase the guns. The cashier placed the firearms in two Glock boxes and placed the boxes inside a plastic bag.

9. Immediately prior to the purchase of the SCCY pistols, DAVIS completed an ATF Form 4473, and declared in writing that the was the actual purchaser or transferee of the firearms.

10. At approximately 4:40pm, ATF agents observed FISHER and DAVIS exit APS; DAVIS was carrying the plastic bag containing the firearms. Agents then observed DAVIS hand the plastic bag to FISHER. Agents also observed FISHER walk to a gray Nissan Rogue bearing New Jersey license plate R44PZK and place the plastic bag containing the firearms inside his vehicle.

11. DAVIS continued past FISHER's vehicle and proceeded alone to a Burger King, located across the parking lot from APS.

12. As FISHER began to pull out of his parking space, agents stopped his vehicle and detained him for questioning. A search of the Nissan Rouge revealed the following items:

   a. Three (3) SCCY, model CPX-2, 9mm pistols

    b. Two (2) SCCY, model CPX-1, 9mm pistols

    c. One (1) Taurus, model 856 UltraLite, .38 special cal. revolver

    d. One (1) Hi-Point, model CF380, .380 cal. pistol, which was loaded with three total rounds of ammunition, including one in the chamber

    e. One (1) Jimenez, model JA-nine, 9mm pistol

    f. A black plastic bag containing two APS sales tickets from July 8, 2022

    g. An additional APS sales ticket from July 8, 2022

13. An ATF nexus expert has advised that each of the firearms recovered from the Nissan Rogue had travelled in interstate or foreign commerce.

14. While FISHER was detained, ATF SA Gary Dorman reviewed a statement of rights and waiver form with FISHER. After advising FISHER of his *Miranda* rights, FISHER agreed to speak with agents.

15. FISHER explained he was from New Jersey and came to Georgia to visit his sister. FISHER said that, while at a gas station in the area, he asked an unknown male, who was later identified as DAVIS, to purchase firearms for him. FISHER said he would pay DAVIS $75 for completing the deal. FISHER further explained he was at APS that day to pick up a few guns for himself and friends.

16. FISHER explained that he paid the APS cashier approximately $200 for each firearm purchased. FISHER stated he planned to sell the newly acquired firearms for $400 dollars each in New Jersey.

17. FISHER told agents he knew he had two separate felony convictions in New Jersey, one for possession of a controlled substance, and another for possession of a stolen firearm. A law

enforcement database search revealed that FISHER had been convicted of a felony weapons offense in New Jersey in 2012.

18. At the conclusion of the interview, Clayton County Police Department officers transported FISHER to the Clayton County Jail where he was taken into custody on charges of possession of a firearm by a convicted felon in violation of O.C.G.A. § 16-11-131.

19. From FISHER's person, agents recovered one (1) blue Nord N200 5G cellphone, IMEI # 862812060145963.

20. SAs also detained DAVIS. After confirming that DAVIS could read and write in English and that DAVIS understood what was being said., SA James reviewed a statement of rights and waiver form with DAVIS. In response, DAVIS waived his rights and agreed to speak with agents.

21. DAVIS told agents that FISHER had approached him at a Chevron gas station and asked whether he wanted to ride with FISHER to a pawn shop to look at some guns. DAVIS confirmed that, while at APS with FISHER, FISHER picked out which guns he wanted, FISHER tendered money from the cashier for those guns, and, afterwards, FISHER received the guns from DAVIS.

22. DAVIS admitted that FISHER paid him $100 to purchase the guns.

## **CONCLUSION**

23. Based on the foregoing, I respectfully submit probable cause exists to believe that Dwight FISHER violated Title 18, United States Code, Section 922(g)(1) [Possession of a Firearm by a Convicted Felon] and that he and DAVIS both violated Title 18, United States Code, Sections 922(a)(6) [Providing False Statements to a Federally Licensed Firearms Dealer], 371 [Conspiracy], and 2 [Aiding and Abetting].